Case No. 14-7197, Winston & Strawn, LLP v. Crumens Ltd C.O. Johnson & McLean, LLC James P. McLean, Jr., Appellant Mr. Skopitz for the amicus curiae Mr. Maloney for Appellee Winston & Strawn Good morning. Thank you. May it please the Court, my name is Michael Skopitz on behalf of the Court of Appointed Amicus. In the proceedings below, the District Court entered summary judgment against Mr. McLean one day after the due date for his summary judgment opposition, even though McLean served his opposition in Winston & Strawn on the day it was due and the brief was filed to the Court two days later. The District Court followed up by entering a judgment of nearly a half a million dollars against Mr. McLean, pro se litigant, relying only on Winston's bare assertion of that figure and without performing any damages analysis. I would like to make three points here today. First, the District Court erred by relying solely on Local Rule 7b as the basis of summary judgment and disregarding the requirements of Federal Rule of Civil Procedure 56e. Second, the District Court abused its discretion by granting summary judgment and imposing a nearly half a million dollar damages award against McLean without considering any of his arguments in opposition, including a factual dispute as to, for example, the scope of the engagement and whether Winston's work fell within the scope of engagement. And third, the District Court also abused its discretion by denying reconsideration for McLean because it misapplied the Supreme Court's guidance in the Pioneer case and did not make an equitable determination under the Pioneer factors. Turning first to the District Court's ruling under Local Rule 7b, the District Court's ruling did not fulfill its obligation under Rule 56, which has two components. One is the determination of the facts, and the second one is determining whether the moving party is entitled to judgment as a matter of law. Here, the District Court entered the summary judgment as conceded by McLean. The District Judge performed no analysis on the record or otherwise, or that's reflected on the record, of what the facts were, of any inferences from the facts, and whether the facts entitled Winston to judgment as a matter of law. There was simply no analysis under the summary judgment standard. Our argument is that... D... I may have the subsection... E. E, yeah, because it was renumbered when they added this in. Local Rule 7h is consistent with 56e. However, here the Court did not act under Rule 7h. The Court acted under Rule 7b. Moreover, the procedure would have been different under Local Rule 7h and 7b, which is exactly the problem here. Under 7h, which mirrors the particular requirement of 56e, the Court may, in its discretion, find that a certain fact is unopposed and treat that fact as having been conceded, essentially. Here, the Court did not do that. Here, the Court treated the motion as conceded, completely short-circuiting the consideration of whether the moving party was entitled to judgment. The Court made no legal consideration of whether there was a breach. The Court entered the damages amount for which it did not look to any support. It simply entered it because that was the relief that Winston had asked for. So, in essence, the Court did not follow the procedures of its own Local Rule 7h, which is the rule that applies to summary judgment. The Court relied on Local Rule 7b, which, while may be appropriate in other circumstances, is absolutely not appropriate on summary judgment, as in this situation. Well, let's suppose, even if we agree with everything you've just said, that would leave us with a situation where the District Court could have properly treated all of the facts in Winston and Straughn's statement as conceded, as uncontested. And then, therefore, since we review summary judgment de novo anyway, why shouldn't we just look at this and determine whether Winston and Straughn was entitled to summary judgment based on the undisputed facts? And where is there any dispute once we take their statement as undisputed? If this Court were to do that, this Court would be playing the role that the District Court never did below. And based on this Court's own jurisprudence, it's not this Court's place to substitute itself and make factual determinations. We don't need to make any. I mean, the whole point of 7h is that the facts have been established. The facts are, as in Winston and Straughn's statement of undisputed material facts, and the consequence of not responding timely under Rule 7h is that those facts are being conceded. I mean, isn't part of the argument that you're advancing here is that in 7e there are other considerations to be taken into account? I don't know that any case law has said it explicitly. We assume the District Court, who is sitting there working with the parties, is in a better position to think about whether to issue another appropriate order or give a party an opportunity to properly support and address. I'm not sure the law commands it, and that's what Judge Wilkins has suggested. We could take it de novo, but I suppose we could do that, too, and say, given these circumstances, it's not just whether the facts appear to support the moving party. There are other things like he sent it on the due date and didn't get there until two days later. That's reason enough under 7e to allow some additional time. Those are the kinds of considerations that 7e take into account. The District Court didn't apply any of them. That is exactly it, Your Honor. The rules give the District Court discretion to consider or not consider a fact undisputed. To your point, Judge Wilkins, the District Court has that discretion. If this Court were to impose itself, it would be exercising the discretion and making determinations based on The District Court would be in position to make those determinations based on its relationship and based on the course of the litigation with the parties. This Court would be making those discretionary determinations under the local rule without having the benefit of that background. That's why in other cases, this Court has found that vacating and remanding back to the District Court to consider what the facts are under the totality of the circumstances is a more appropriate course of action in a situation such as that where 7h gives the discretion to treat a fact as conceded but certainly does not mandate it, does not call for it. Don't we know basically what the District Court's assessment of its exercise of discretion would be given the way that the District Court dealt with the motions for reconsideration and denying them and the reasons that were given there? I mean, why should we assume that the District Court would have exercised its discretion any differently with respect to treating facts as conceded under 7h, which is a much lesser remedy, so to speak, than treating the whole motion as conceded. That seems like we're slicing the baloney awful thin here. Frankly, Your Honor, we don't know what the District Court would have done under 7h because the District Court didn't perform any activity, didn't take any decisions under 7h. We do know that it acted under 7b. We do know as well that on reconsideration, it acted under what it thought was the application of the Supreme Court's guidance in Pioneer. And the Court, again, performed no analysis of the circumstances. As Judge Edwards mentioned, the only mistake, the only thing that McLean did wrong is he sent in his motion by mail instead of filing it electronically. He served it on Winston on the day it was due. He did not derive any benefit from the late filing. He tried to do everything correctly. There was no indication of any bad faith. There is absolutely no prejudice to Winston. Winston, in fact, filed its reply brief, even though it was technically on call for. It filed it within the proper time frame, which is as plain of a statement that it wasn't prejudiced as it could probably be. And the District Court's overall action under the totality of the circumstances clearly, under these circumstances, constituted an abuse of discretion because the District Court disregarded all of those circumstances, both when entering summary judgment, when entering the damages amount, and when denying reconsideration. Are you conceding that to the extent that 7h is inconsistent with 56, that it nevertheless is in play? Under these circumstances, 7h is only an example of another action that the District Court could have taken. It is not on its face in play here at all. The 7h did not enter into the District Court's consideration on the record at all. And this Court, we can discuss it here as something the District Court could have done and perhaps could do in the future if summary judgment is vacated. On the record, 7h is not part of it. But are you suggesting that the District Court could apply 7h in a way that 56e would not contemplate or allow? The 7h and 56e are consistent. So you're saying there is no, as far as you're concerned, you see no difference whatsoever? The 2010 amendments to 56e, in fact, reflect the course that the local rules... I just wanted to make sure I understood your argument on that. Thank you. In fact, turning to the amendment in Rule 56, Rule 56, as prior to the 2010 amendments, had perhaps some ambiguity or was less than clear or maybe allowed the Court to do what the Court did here. In 2014, after the 2010 amendments, the Court could not have entered this judgment essentially by default as it did against McLean. But aren't we bound by FDIC v. Bender? FDIC v. Bender was decided under the old version of Rule 56. And the old version of 56 did not address the question that's before the Court right now. First of all, Bender did not interpret Rule 56. The Court simply acted under the then-current version of Rule 56. The Court right now is looking at Rule 56 because the question is exactly what does 56e require? And Bender does not interpret, Bender provides no guidance as to what the post-2009 or post-2010 version of Rule 56 requires. Does the local Rule 7b actually contradict 56e or does it contradict the Advisory Committee explanation of 56e? It contradicts Rule 56e on its face. The Advisory Committee note is instructive. It's helpful. It's helpful to us. It's helpful to the Court. Exactly what part of the text of 56e does it contradict? If I may turn to the Rule, Your Honor. Under 56e, subsection 3, the Court may grant summary judgment under the circumstances.  The Court may, subsection 3, grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movement is entitled to it. 7b short-circuits that process. 7b allows the Court to not fulfill the requirement of 56e, to not make a determination of whether the moving party is entitled to summary judgment. 7b essentially undermines or eviscerates the 56 requirement, the two-part requirement of determining the facts and applying the law to the facts to see whether there is a valid claim there. But didn't Rule 56 essentially say that same thing before the 2010 amendment? I mean, it said the Court may grant summary judgment. In fact, there's this whole issue about whether it should say shall or should or may grant summary judgment if the party shows that they're entitled to it, right? And in fact, the 2010 amendments put shall back in, right, in an earlier subsection. So I guess I'm still not understanding how the text of 56e itself contradicts the local rule. I see how the advisory committee note does, but that's not the text of the rule. Respectfully, Your Honor, the 2009 text of the rule states, if the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. But the 2010 rule focuses on the moving party's burden. One of the purposes looking to the legislative history, not even the advisory committee's note, but looking to the legislative history, one of the issues was that the different circuits were considering the issue differently of how does a court act if a party fails to oppose summary judgment.
judges: Wilkins, Edwards, Williams